**Kavin Maurice RHODES,**
**Plaintiff–Appellant,**

v.

**R. SAILER;  et al., Defendants–**
**Appellees.**

**No. 13–55989.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2014.*

Filed July 30, 2014.

Kavin Maurice Rhodes, Delano, CA, pro se.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kenneth Lake, Office of the California Attorney General,· Los Angeles, CA, Michael John Trotter, Esquire, Carroll, Kelly, Trotter, Franzen, McKenna & Peabody, Long Beach, CA, Stacy K. Brigham, Esquire, Davis Grass Goldstein Finley & Brigham, Ontario, CA, for Defendants–Appellees.

Before:  GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

**MEMORANDUM** \*\*

California state prisoner Kavin Maurice Rhodes appeals pro se from the district court's judgment on the pleadings in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs: We review de novo. *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001).  We affirm.

The district court properly dismissed Rhodes's action because Rhodes failed to allege facts sufficient to show that defendants were deliberately indifferent to his hand injury. *See Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir.2006) (to demonstrate deliberate indifference, the prisoner must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and "harm caused by the indifference"); *cf. Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996) ("[V]erbal harassment generally does not violate the Eighth Amendment.").

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Rhodes's state law claims. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir.2001) (setting forth standard of review and explaining that "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.